TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0149-KB

KENTUCKY BAR ASSOCIATION                                                    MOVANT

V.                                          IN SUPREME COURT

RYAN RICHARD STITH                                                      RESPONDENT

## **OPINION AND ORDER**

Movant, Kentucky Bar Associations (KBA), via its Board of Governor's (Board) recommends that this Court find Ryan Richard Stith (Stith) guilty of violating SCR 3.130(1.1),[1] SCR 3.130(1.3),[2] SCR 3.130(1.4)(a)(3),[3] and SCR 3.130(8.1)(b).[4] The Board further recommends that Stith be suspended for a period of 61 days, and be required to do the following: enter into and comply with a Kentucky Lawyers Assistance Program (KYLAP) Monitoring Agreement; repay client fees; attend and successfully complete the Ethics and

---

[1] SCR 3.130(1.1) A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

[2] SCR 3.130(1.3) A lawyer shall act with reasonable diligence and promptness in representing a client.

[33] SCR 3.130(1.4)(a)(3) A lawyer shall: (3) keep the client reasonable informed about the status of the matter.

[4] SCR 3.130(8.1)(b) A lawyer shall not fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowing fail to respond to a lawful demand for information from an admissions or disciplinary authority, except this Rule does not require disclosure of information otherwise protected by Rule 1.6.

Professionalism Enhancement Program (EPEP); and pay the costs associated with this disciplinary matter. We agree with and adopt the Board's recommendations.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Stith was admitted to the practice of law in Kentucky on May 1, 2018. His KBA Number is 97935, and his bar roster address is 541 Skyview Lane, Lexington, Kentucky 40511.

Stith is a former associate of Wael Ahmad (Ahmad), an attorney who is licensed in Kentucky and specializes in immigration law. Ahmad filed a bar complaint against Stith alleging that Stith had provided ineffective assistance of counsel to four immigration clients. The facts giving rise to Ahmad's bar complaint against Stith are as follows:

**EDGAR FUENTES ORDUNA**. Stith was retained by Mr. Orduna to file an appeal. Stith missed the filing deadline for the appeal, did not alert anyone in his firm that the appeal was due, and performed no work on the case.

**PANKAJKUMAR BHARATBHAI PATEL**. Mr. Patel hired Stith to handle his immigration case. Stith did not seek an appropriate continuance, did not file the appropriate forms, and failed to assist Mr. Patel's new counsel. Stith furthermore did not seek assistance notwithstanding that he was not qualified to handle the case, and he did not perform any work on the case.

**OMAR LOPEZ VAZQUEZ.** Mr. Vazquez hired Stith to file an appeal on his behalf. Stith misplaced the order of removal and did not create a case file for Mr. Vazquez. Stith did not file Mr. Vazquez's appeal, and later admitted in

a court filing that his failure to file the appeal was due to his "inexperience in this new field." The appeal was ultimately dismissed as untimely.

**MARIA VELASCO-PU.** Stith was hired by Ms. Velasco-Pu to file an appeal on her behalf. Stith filed an untimely notice of appeal, and the case was accordingly dismissed as untimely.

In mid-July 2019, Stith admitted to Ahmad that he was struggling with alcohol use and subsequently left the firm to seek treatment. Stith has had no further communication with the firm.

The bar complaint was served on Stith on December 19, 2019. Stith did not answer the complaint.

On February 13, 2020, Stith was charged by the Inquiry Commission with violating the following: SCR 3.130(1.1) for failing to provide competent representation to four of his immigration clients; SCR 3.130(1.3) for failing to perform the work for which he was hired and for failing to file various documents on or before their court ordered deadlines; SCR 3.130(1.4)(a)(3) for failing to keep his clients informed about the status of their immigration cases; and SCR 3.130(8.1)(b) for failing to respond to the bar complaint against him. Stith was served with the charge by certified mail for which he personally signed on February 24, 2020.

Subsequent to the issuance of the charge, the Office of Bar Counsel had several communications with Stith, and Stith returned an Acknowledgement of Service of the charge. The Office of Bar Counsel referred Stith to the KYLAP program and sent him a reminder to file an answer to the charge. Despite

3

these efforts, Stith did not participate in KYLAP or answer the charge against him.

This Court entered an order indefinitely suspending Stith on October 29, 2020, under SCR 3.380(2) for failure to participate in the disciplinary process. That order became final on November 10, 2020, and he remains suspended as of this date.

## II. ANALYSIS

Due to Stith's failure to respond to the charge, the Inquiry Commission submitted the matter to the Board under SCR 3.210. The Board found Stith guilty on all counts. The Board recommends that this Court likewise find Stith guilty on all counts and suspend him for a period of 61 days. In addition, the Board recommends that Stith be required to enter into and comply with a KYLAP Monitoring Agreement; repay client fees; attend and successfully complete EPEP; and pay the costs associated with this matter.

## III. CONCLUSION

Having reviewed the record, we agree that the Board reached the appropriate conclusions as to Stith's guilt. Stith has not filed a notice to this Court to review the Board's decision, and we do not elect to review the decision of the Board under SCR 3.370(8). Accordingly, the decision of the Board is adopted under SCR 3.370(9).

For the foregoing reasons, it is hereby ORDERED:

4

1. Stith is found guilty of Count I for violating SCR 3.130(1.1), Count II for violating SCR 3.130(1.3), Count III for violating SCR 3.130(1.4)(a)(3) and Count IV for violating SCR 3.130(8.1)(b).

2. Stith is suspended for a period of 61 days and is required to complete the following:

   a. Stith shall enter into and comply with a KYLAP Monitoring Agreement;

   b. Stith shall repay client fees;

   c. Stith shall attend and successfully complete the Ethics and Professionalism Enhancement Program (EPEP); and

   d. In accordance with SCR 3.450, Stith is directed to pay all costs associated with these disciplinary proceedings against him, including amounts incurred after the consideration and vote by the Board, as calculated and certified by the Disciplinary Clerk. Currently said sum is $367.03, for which execution may issue from this Court upon finality of this Opinion.

All sitting. All concur.

ENTERED: August 26, 2021.

_____
CHIEF JUSTICE

5